## McLISH et al. v. WHITE.

No. 12591—Opinion Filed Feb. 5, 1924.

1. **Indians—Inherited Lands — Conveyance by Full-Blood Heirs—Approval.**

Where the heirs of a member of either of the Five Civilized Tribes of Indians are full-blood Indians, title to lands allotted to such member and inherited by such full-blood Indian heirs, where such member died subsequent to the act of Congress April 26, 1906, can be acquired only by procuring a conveyance of the lands from such heirs and having the same approved by the Secretary of the Interior, prior to the act of May 27, 1908, and thereafter by the county court having jurisdiction of the settlement of the estate of such deceased member.

2. **Same—Invalidity of Conveyance.**

A conveyance of allotted restricted Indian lands, made in violation of a federal statute authorizing the alienation of such lands is against public policy and absolutely void, and in no manner can any right, title, or interest in such lands be acquired under such conveyance.

3. **Same — Adverse Possession as Against Government and Restricted Indians.**

There can be no adverse possession against the federal government which can form a basis of title by estopped, or under the statute of limitations, and the same rule applies where the lands involved are lands that have been allotted to Indians with restrictions upon the alienation of title thereto by the Indians. so long as such restrictions upon alienation exist.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Love County; B. C. Logsdon, Judge.

Action by Millie McLish et al. against J. A. White. Judgment for defendant, and plaintiffs bring error. Reversed.

Geo. E. Rider, for plaintiffs in error.

Eddleman & Sneed, for defendant in error.

Opinion by JARMAN, C. This action was commenced in the district court of Love county on November 3, 1920, by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below, to recover possession of and to quiet title to certain lands. and to recover damages for the wrongful detention thereof. The petition filed by the plaintiffs alleges that Frazier McLish was a duly enrolled full-blood Choctaw Indian, and as such there was allotted and set apart to him, the land in controversy, located in Love county, constituting the surplus portion of his allotment, and that he had received his patent or deed thereto; that in June, 1906, the said Frazier

McLish died, intestate, possessed of said land and left surviving him Millie McLish, his wife, and Alice Williford, nee McLish, Rosie Williford, nee McLish, and Allie Griffin, nee McLish, his daughters, as his sole heirs at law, all of whom are full-blood Choctaw Indians, who inherited and became the owners in fee simple of said land; that said Millie McLish, widow, inherited a dower interest and the three children, above named, inherited an undivided one-third interest, each, in said land, subject to the dower right or interest of said widow; that the defendant, J. A. White, has been in the unlawful possession of said land since November 15, 1907, and has wrongfully and unlawfully deprived the plaintiffs of the use and occupation of said land during that time: and the plaintiffs pray for the possession of said lands, and for judgment for the rents and profits thereof during the time the defendant wrongfully detained the same.

To this petition the defendant filed a demurrer, on the grounds that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiffs, and that said petition shows on its face that the plaintiffs' cause of action is barred by the statute of limitations.

The main proposition presented, and the one which is decisive of this case on appeal is whether the plaintiffs are barred by the statute of limitations from maintaining this action. It is the contention of the defendant that the laws of Arkansas had been extended over the Indian Territory, and that from the time Frazier McLish died in 1906 up to statehood the United States courts were open to enforce the rights of all persons, residing therein, including Indians of the Choctaw Tribe, to enforce their claims to real estate, including allotted lands, and that after statehood the courts of Oklahoma were open to them to assert their rights to said land; and that since plaintiffs did not bring their action within the time provided by the laws of Arkansas as extended over the Indian Territory and by the laws of Oklahoma, prevailing after statehood, they are now barred from maintaining this action.

The defendant claims and contends that, although these plaintiffs are full-blood Indians, still they were, under the various acts of Congress, amenable to the laws existing in the Indian Territory and in the state of Oklahoma, the same as any other citizen.

The defendant particularly urges that the statute of limitations was made applicable to full-blood Choctaw Indians by act of Congress May 31, 1902, ch. 946, 32 Stat. L. 284, which provides:

"That in all actions brought in any state court or United States court by any patentee, his heirs, grantees, or any person claiming under such patentee, for the possession or rents or profits of lands patented in severalty to the members of any tribe of Indians under any treaty between it and the United States of America, where a deed has been approved by the Secretary of the Interior to the land sought to be recovered, the statute of limitations of the states in which said land is situated shall be held to apply, and it shall be a complete defense to such action that the same has not been brought within the time prescribed by the statutes of said state the same as if such action had been brought for the recovery of land patented to others than members of any tribe of Indians."

This act of Congress is not applicable to the Five Civilized Tribes of the Indian Territory, but has reference to Indians residing in the different states of the Union, as it is specifically provided therein that the statute of limitations of the states, not the Indian Territory, in which said land is situated, shall apply.

At the time of the death of Frazier McLish, the act of Congress of April 26, 1906, regulated and determined the manner of the alienating of lands allotted to members of the Five Civilized Tribes of Indians, including the Choctaw Indians; section 22 thereof being as follows:

"Sec. 22: That the adult heirs of any deceased Indian of either of the Five Civilized Tribes whose selection had been made, or to whom a deed or patent has been issued for his or her share of the land of the tribe to which he or she belongs or belonged, may sell and convey the lands inherited from such decedent; and if there be both adult and minor heirs of such decedent, then such minors may join in a sale of such lands by a guardian duly appointed by the proper United States court for the Indian Territory. And in case of the organization of a state or Territory, then by a proper court of the county in which said minor or minors may reside or in which said real estate is situated, upon an order of such court made upon petition filed by guardian. All conveyances made under this provision by heirs who are full-blood Indians are to be subject to the approval of the Secretary of the Interior, under such rules and regulations as he may prescribe."

The only way that title to this land, after the death of Frazier McLish, could be had was to have procured a conveyance thereof from the plaintiffs, full-blood heirs of the deceased, and to have had the same approved by the Secretary of the Interior,

prior to the act of May 27, 1908, and thereafter by the county court having jurisdiction of the settlement of the estate of the deceased; and a conveyance of said lands, made in violation of said acts of Congress, is void and the purchaser acquires no right, title, or interest in any manner, by statute of limitations or otherwise, under such conveyance.

An able discussion of the principles involved is found in the opinion of Mr. Justice Sharp in the case of Brader v. James, 49 Okla. 734, 154 Pac. 560.

"A conveyance of allotted restricted Indian lands made in violation of a federal statute authorizing the alienation of such lands is against public policy and absolutely void, and in no manner can any right, title, or interest in such lands be acquired under such conveyance." Tidal Oil Co. v. Flanagan, 87 Okla. 231, 209 Pac. 729.

This court has repeatedly held that the statute of limitations does not run in favor of conveyances executed in violation of federal restrictions, and during the existence of federal restrictions.

In commenting on this question, the court, in case of Patterson v. Carter, 83 Okla. 70, 200 Pac. 855, uses the following language:

"It is well settled that there can be no adverse possession against the federal government which can form a basis of title by estoppel, or under the statute of limitations, and it has been held that the same rule applies where the lands involved are lands that have been allotted to Indians with restrictions upon the alienation of title thereto by Indians, so long as such restrictions upon alienation exist."

Mr. Justice Cochran, in the recent case of Sandlin et al. v. Barker et al., 95 Okla. 113, 218 Pac. 519, lays down the rule, in the fifth paragraph of the syllabus, as follows:

"The statute of limitations does not begin to run in favor of one holding under a conveyance executed in violation of federal restrictions during the existence of federal restrictions; but upon the removal of such restriction, the statute of limitations begins to run." Wrigley v. McCoy, 73 Oklahoma, 175 Pac. 259; March v. Board of Com'rs. 45 Okla. 1, 144 Pac. 611; Parker, Supt., v. Richards et al., 250 U. S. 235, 39 Sup. Ct. 442, 63 L. Ed. 954.

Having determined that the plaintiffs cause of action is not barred by the statute of limitations, there is no merit in the demurrer as to the petition of the plaintiffs not stating a cause of action.

The judgment of the trial court is reversed, with instructions to proceed with said cause in conformity with the views herein expressed.

By the Court: It is so ordered.