352

## BURGESS v. BOSEN.
### No. 1299.

District Court, N. D. Oklahoma.
Jan. 25, 1940.

George H. Jennings, John R. Miller, L. O. Lytle, and Roy T. Wildman, all of Sapulpa, Okl., for plaintiff.

W. V. Pryor, of Sapulpa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

The facts involved in this law suit have been stipulated and such facts are that the plaintiff, Edmond Burgess, is an enrolled member of the Creek Tribe of Indians, enrolled as an Indian of one-half blood appearing opposite Roll No. 5668. That the defendant, Alice May Bosen, now Morrison, is a full-blood unenrolled member of the Creek Tribe of Indians. That Suma Burgess, nee Sarte, was during her lifetime a full-blood enrolled member of the Creek Tribe of Indians, appearing opposite Roll No. 7571. That the northwest quarter of section 5, township 17 north, range 12 east, Creek County, Oklahoma, was allotted to Suma Burgess, nee Sarte, and that said above-described land was designated as restricted and tax-exempt during the lifetime of Suma Burgess, nee Sarte, pursuant to the Act of Congress of May 10, 1928, 45 Stat. 495, and that Suma Burgess, nee Sarte, died without such restrictions having been removed, on January 25, 1935, leaving as her sole and only heirs her husband Edmond Burgess, the plaintiff in this action, and her adopted daughter, Alice May Bosen, now Morrison, the defendant in this action, who, if the said Suma Burgess, nee Sarte, had died intestate, would have inherited the above described land in equal shares. That at the date of the death of Suma Burgess, nee Sarte, she and the plaintiff, Edmond Burgess, were lawfully wedded man and wife.

That under the theory that a certain trust agreement executed by Suma Burgess, nee Sarte, and Edmond Burgess to the American National Bank of Bristow, was a will and testament, the said Suma Burgess, nee Sarte, on July 7, 1934, executed a codicil thereto, which codicil was admitted to probate by the County Court of Creek County, Oklahoma, it being the court having jurisdiction of the settlement of the estate of the said Suma Burgess, nee Sarte. That said codicil was not acknowledged before and approved by the County Judge having jurisdiction in the premises, or a United States Commissioner pursuant to the provisions of Section 23 of the Act of Congress of April 26, 1906, 34 Stat. 137, 145, as amended by the Act of Congress of May 27, 1908, 35 Stat. 312, 315.

That Edmond Burgess received conveyance of the west half of the northwest quarter of section 20, township 18 north, range 11 east, Creek County, Oklahoma,

from the American National Bank at Bristow, as trustee of the estate of Suma Burgess, deceased, and Alice May Bosen, and also $10,000 in cash, paid by the American National Bank at Bristow, Oklahoma, trustee, out of the estate of Suma Burgess, deceased, in accordance with the decree of the District Court of Creek County, Oklahoma.

That Edmond Burgess is an enrolled half-blood Indian and as a result of said blood and enrollment was allotted certain land in Wagoner County, Oklahoma, which land has been sold by him.

The instant action was instituted by Edmond Burgess against Alice May .Bosen seeking to cancel a conveyance of the northwest quarter of °section 5, township 17 north, range 12 east, Creek County, Oklahoma, it being the contention of the plaintiff that the above mentioned land was allotted to Suma Burgess, nee Sarte, who was a full-blood Creek Indian. That said land was set aside as tax-exempt pursuant to the provisions of the Act of Congress of May 10, 1928, supra. That she died subsequent to the passage of the Act of January 27, 1933, 47 Stat. 777, and that a conveyance of said land by him as an heir of Suma Burgess must be approved by the Secretary of the Interior.

It is the contention of the defendant, Alice May Bosen, that the Act of January 27, 1933, supra, is not applicable to this action, and further pleads that the plaintiff is estopped to maintain this action by reason of the fact that the same parties and same issues were involved in case No. 21905 in the District Court of Creek County, Oklahoma, and case No. 1100 Equity in this Court.

The question for determination is whether or not the land involved was restricted against alienation by Edmond Burgess on July 22, 1935, the date on which the deed involved was executed by Edmond Burgess to Alice May Bosen, and whether the judgment of the District Court of Creek County, Oklahoma, in case No. 21905 estops the plaintiff from maintaining this action.

▮ A consideration of the Act of Congress of January 27, 1933, supra, governing the Five Civilized Tribes of Indians is necessary for determination of this action. Under the admitted facts the allottee was a full-blood member of the Five Civilized Tribes. The land involved was set aside as tax-exempt pursuant to the provisions of the Act of Congress of May 10, 1928, supra.

The allottee died subsequent to the passage of the Act of Congress of January 27, 1933, leaving two heirs, one of them being a half-blood Creek Indian, and the other being a full-blood Creek Indian. The first proviso of Section 1, of the Act of Congress, of January 27, 1933, supra, is as follows: "Provided, That where the entire interest in any tract of restricted and tax-exempt land belonging to members of the Five Civilized Tribes is acquired by inheritance, devise, gift, or purchase, with restricted funds, by or for restricted Indians, such lands shall remain restricted and tax-exempt during the life of and as long as held by such restricted Indians, but no longer than April 26, 1956, unless the restrictions are removed in the meantime in the manner provided by law."

The facts in this action as stipulated clearly come within the provisions of the above mentioned Act of Congress and any valid conveyance of any interest in the allotment above described must be approved by the Secretary of the Interior. Glenn v. Lewis, 10 Cir., 105 F.2d 398.

▮ Defendant contends that plaintiff is estopped to maintain this action by reason of a judgment of the District Court of Creek County, Oklahoma, in case No. 21905, in which the same parties were involved, and in which title to the same land was involved, and in which case the Court entered a decree quieting title to the above mentioned land in the defendant. This contention cannot be sustained by reason of the fact that a judgment of the State Court cannot validate a conveyance of Indian land which is invalid under the federal law. In the case of Bowling v. United States, 233 U.S. 528, 34 S.Ct. 659, 660, 58 L.Ed. 1080, the Supreme Court held:

"The authority of the United States to enforce the restraint lawfully created cannot be impaired by any action without its consent. * * *

"If, therefore, the conveyance by the allottee's heirs in the present case, would otherwise have been subject to cancelation, it was not saved by reason of the judgment entered in their suit against the purchaser."

The Supreme Court of the State of Oklahoma and also the federal courts have followed this line of reasoning in the following cases: McLish v. White, 97 Okl. 150, 223 P. 348; Goodrum v. Buffalo, 7 Cir., 162 F. 817; Jefferson v. Winkler, 26 Okl. 653, 110 P. 755; Bell v. Fitzpatrick,

53 Okl. 574, 157 P. 334; Tidal Oil Company v. Flanagan, 87 Okl. 231, 209 P. 729.

A decree may enter for the plaintiff to the effect that the conveyance to the defendant was invalid because of restrictions imposed against the land involved by the first proviso of Section 1 of the Act of Congress of January 27, 1933.