By the Gowrt,

Nelson, C. J.
It has been repeatedly decided in this court that a parol partition, carried into effect by possession and occupation in conformity thereto, will be binding between tenants in common, whose titles are distinct, and the only object of the division is to ascertain the separate possessions. 4 Johns. R. 292; 9 Id. 270 ; 14 Wend. 619; Co. Litt. 169, a; Comyn’s Dig. Parceners, c. 5. Here has been an acknowledged division and occupation accordingly, by the parties, for some thirty years. I admit it will not be binding upon the three daughters of Lindsley, who were femes covert, and did not acknowledge the deed to Hopkins. But it would have been binding upon the husbands, who were tenants by the curtesy, if parties to the arrangement. They could have consented, and those who are, in under their title, can do the same during the continuance of their estates. A different question will arise when the three heirs appear and claim their undivided interest. That cannot happen till the death of their husbands, who, for aught that appears are still living. The plaintiffs, there *334 fore, are entitled to the possession of the whole of the fifty acres. There may be some difficulty under the Revised Statutes in describing the precise nature and extent of their title: because, as to three-sevenths of the premises, it may be defeated by the future claim of the femes covert. The question is reduced to one of form, and the declaration is amendable, [ *437 ] so as to *conform to the nature of the title of the plaintiffs. We see no objection to' the verdict standing upon the 5th and 7th counts of the declaration. It will not conclude the rights of the femes covert, they not being parties to the suit; and it cannot lie with the defendant to dispute the effect of the partition, which, while it remains in force, shews an exclusive right in the plaintiffs to the possession of the premises.
Eew trial dened.