WILLIAM F. TAYLOR, Respondent, *v.* ELIJAH J. MILLARD, Appellant.

In an action of trespass it appeared that J. and E. owned, as tenants in common, a farm of about one hundred and seventy acres, upon which there was an apple orchard. In 1850 they made a parol partition of said farm by which J. was to have one hundred acres, including the orchard, and E. the remaining seventy acres. As part of the oral agreement, E., his heirs and assigns, were to have the right to enter upon J.'s part and gather one-half of the apples, growing or to grow, in said orchard. Immediately thereafter the parties took possession of their respective portions, and they and their successors in title continued to occupy the parts so allotted to them respectively without any claim of title being made by either to the land so owned and occupied by the other. E. died in 1854; by his will he devised said seventy acres and the "appurtenances" to defendant, and gave to him all his "right, title and interest to the

apples, growing or to grow, on the premises now occupied by J." Said defendant took possession of the seventy acres under the will and occupied them until 1861, when he conveyed them with "appurtenances" to M., by deed which was duly recorded but which did not mention any right to enter upon the one hundred acres and gather half the apples. Plaintiff claimed the one hundred acres. under a deed from J.    Neither that deed, nor the one to plaintiff, contained any reference to any right of the owner of the seventy acres to enter upon the land conveyed. Shortly after plaintiff entered into possession, defendant, by direction of his grantee, entered upon plaintiff's premises and gathered apples from the orchard, after having been forbidden to do so by plaintiff.    From the time of the parol partition until then E., and his successors in title to the seventy acres, had annually gathered apples from said orchard without having been prohibited.    There was no evidence that plaintiff had notice of the existence of any such right or claim when he purchased.    *Held,* that defendant's entry was without right, and he was a trespasser; that a right in the nature of an easement could not be acquired by virtue of the parol agreement by the owner of the seventy acres in the remainder of the farm; that if the right in question was to belong to E. as a personal interest independent of his ownership of the seventy acres, it was not an easement proper, but an estate in the land itself; that it was inconsistent with possession or ownership in severalty, which is the sole and exact result of an effective parol partition; that if the right to enter was a parol license merely, it was revocable at pleasure and was revoked by a conveyance of the one hundred acres without reference thereto; but that whatever was the nature of the right, unless it was a parol license, it required a grant duly recorded to be valid against one purchasing the one hundred acres without notice and in reliance upon the recording act; that the will of E. was not constructive notice to plaintiff, it not having been recorded in the county clerk's office.

*It seems,* a parol partition may be made of lands owned by tenants in common, provided each party takes and retains exclusive possession of the portion allotted to him; the parol agreement alone cannot terminate the unity of possession.

A right in the nature of an easement cannot be created by a parol agreement for the partition of lands.

Reported below (42 Hun, 363).

(Submitted December 11, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 16, 1886, which affirmed a judgment in favor of plaintiff entered upon the decision of the county judge of Rensselaer county on trial without a jury.

This is an action of trespass brought in the County Court, after a suit for the same cause of action, commenced in justice's court, had been discontinued because a plea of title was interposed by the defendant.

The county judge found, as facts, that from 1836 to 1850, two brothers, named John and Elijah Millard, owned as tenants in common a farm of about one hundred and seventy acres in Rensselaer county upon which there was an apple orchard ; that in 1850, they made a parol partition of said farm by which John was to have one hundred acres including the orchard, and Elijah the remaining seventy acres, and as part of the arrangement between them they made an oral agreement by which Elijah, his heirs and assigns, were to have the right to enter upon the part belonging to John and gather one-half of the apples, growing or to grow, in said orchard ; that immediately after the parol partition was made they took possession of their respective portions of the farm and from that time, they and their successors in title, have continued to own and occupy the parts so allotted to them, respectively, without any claim or title being made by either to the land so owned and occupied by the other; that in 1854 Elijah died leaving a last will and testament by the second clause of which he devised said seventy acres and the appurtenances to the defendant ; that the sixth clause of said will is as follows : " Sixth. I give and bequeath to Elijah I. Millard and to his heirs and assigns forever all my right, title and interest to the apples, growing or to grow, in the premises now occupied by John Millard ;" that the defendant took possession of the seventy acres under the will and occupied them until September, 1861, when he conveyed them "with the appurtenances" to Mary E. Millard, by quit-claim deed, duly recorded, which made no mention of any right, or supposed right, to enter upon the hundred acres and gather one-half of the apples in the orchard thereon ; that March 23, 1870, John Millard conveyed the hundred acres to one William A. Millard by warranty deed duly recorded two days later, and on March 25, 1880, said William A. conveyed the same premises to the plaintiff by a like deed duly recorded the next

day ; that neither of these deeds contained any reference to a right, or supposed right, of the owner of the seventy acres to enter on the land thereby conveyed and gather apples and that there is no evidence in the case that the plaintiff had notice of the existence of any such right or claim ; that soon after plaintiff went into the possession of the hundred acres under said deed, and shortly before the commencement of this action the defendant, by direction of said Mary E. Millard, entered thereon and gathered apples from said orchard to the value of seven dollars, after he had been forbidden to do so by the plaintiff ; that from the time of the parol partition until the defendant was so forbidden by the plaintiff, Elijah Millard and his successors in title to the seventy acres had annually gathered, apples from said orchard and had never before been prohibited. It was admitted by the parties, although not found as a fact, that twenty new trees were set out in the orchard after the parol partition.

The county judge found as a conclusion of law that the entry of the defendant on the lands of the plaintiff was without right and that he was a trespasser in so doing and judgment was directed against him for the sum of seven dollars, on account of such trespass, besides costs.

*Henry L. Landon* for appellant. The parol partition of the farm of 170 acres of land, made by John and Elijah Millard in 1850, when they were tenants in common, having been followed by possession on their part of the respective portions partitioned, was valid and binding upon them and their heirs and successors in interest, including subsequent grantees and devisees. ( *Wood* v. *Fleet*, 36 N. Y. 499.) The parol partition, both in regard to the land and the fruit of the orchard, was one entire transaction. (2 Parsons on Contracts [7th ed.], § 519.) Such an agreement in regard to the fruit, whether looked at as connected or unconnected with the parol partition of the land, is not forbidden by law, using that word as including equity. It is a parol agreement for an easement, which, under certain circumstances, is upheld by the courts. (*Pier-*

pont v. *Barnard*, 6 N. Y. 279; *Pierce* v. *Keator*, 70 id. 419; *Huntington* v. *Asher*, 96 id. 604; *Rindge* v. *Baker*, 57 id. 209; *Wiseman Lucksinger*, 84 id. 31; *Cronkhite* v. *Cronkhite*, 94 id. 323.) The clause in the deed from defendant to Mary E. Millard, reading "with the appurtenances and all the estate, title and interest therein of the said party of the first part was sufficient to pass the easement to said Mary E. Millard. (*Huttemier* v. *Albro*, 18 N. Y. 48; Bigelow on Equity, 307, 308.) A parol license is coupled with a grant and a part of the grant is irrevocable. (*Vandenburgh* v. *Van Bergen*, 13 Johns. 212; *Vandenburgh* v. *Van Buren*, id. 525; *Jamieson* v. *Milleman*, 3 Duer, 255; *Babcock* v. *Utter*, 1 Abb. Ct. App. Dec. 27; *Mendenhall* v. *Klinck*, 51 N. Y. 246; *Winchester* v. *Osborne*, 62 Barb. 337; *Rerick* v. *Kern*, 14 S. & R. 267; *Ricker* v. *Kelly*, 10 Am. Dec. 38; *Goff* v. *Oberteuffer*, 3 Phila. 71; *Thompson* v. *McElarney*, 82 Pa. St. 174; *U. S.* v. *B. R. R. Co.*, 1 Hughes, 138; *Wood* v. *Leadbitter*, 13 M. & W. 838; *Wood* v. *Manley*, 11 Ad. & E. 34.) Plaintiff is chargeable with constructive notice of the right in question, and is, therefore, not a *bona fide* purchaser. (*Williamson* v. *Brown*, 15 N. Y. 354; *Cook* v. *Travis*, 20 id. 400; *C. V. Bk.* v. *Delano*, 48 id. 336; *Ellis* v. *Horrman*, 90 id. 466; *Parker* v. *Connor*, 93 id. 188.) The will having been properly proven and duly recorded in conformity to every requirement of the law at the time of such recording, vested the right to the easement in defendant, and no subsequent purchaser is regarded a *bona fide* purchaser as against such record. (3 R. S. [7th ed.], 2215, 2222, §§ 1, 38; id. 58, § 14; 2 Edm., 59; Laws of 1837, chap. 460, § 18; 4 Edm., 490; Code Civ. Pro., § 2623; Laws of 1846, chap. 182, § 1; Laws of 1869, chap. 748, § 1; *Varick* v. *Briggs*, 22 Wend., 543.)

*Robertson, Fisk & North, and J. M. Whitman* for respondent. The appeal should be dismissed, as the title to real estate does not come in question within the meaning of section 191, subdivision 3 of the Code of Civil Procedure. (*Scully* v. *Saun-*

*ders*, 77 N. Y. 598; *Langdon* v. *Guy*, 91 id. 660.) The defendant has failed to show any right, either in himself or in the person for whom he was acting, when the trespass was committed, to enter upon plaintiff's premises and carry away apples. (*Grant* v. *Chase*, 17 Mass. 443; *Barker* v. *Clark*, 4 N. H., 380; *Grubb* v. *Guilford*, 4 Watts, 223–246; *Simmons* v. *Cloonan*, 81 N. Y. 557–565.) The alleged right to the apples in question was a license and not an easement. (Washburn on Easements; 3 Kent's Com., 565, 566; *Cronkite* v. *Cronkite*, 94 N. Y. 323.) An easement can only be created by deed or grant, or by prescription, from which a grant may be inferred. (3 Kent's Com., 419.) The tenancy in common consists in nothing but unity in possession; and when that is severed by partition, *followed by possession* of the allotted portion, it gives to each an exclusive estate in full in that portion. (*Jackson* v. *Bradt*, 2 Caines, 174; *Jackson* v. *Harder*, 4 Johns. 202; *Jackson* v. *Anderson*, 4 Wend., 477.) The plaintiff in this case is conceded to have been a subsequent purchaser in good faith and for a valuable consideration of the 100 acres in which the defendant claims this right. (3 R. S. [7th ed.], 2215.)

Vann, J. It is not open to discussion in this state that a parol partition may be made of lands owned by tenants in common, provided each party takes and retains exclusive possession of the portion allotted to him. (*Wood* v. *Fleet*, 36 N. Y. 499; *Mount* v. *Morton*, 20 Barb. 123; *Ryerss* v. *Wheeler*, 25 Wend. 434; *Jackson* v. *Livingston*, 7 id. 136; *Jackson* v. *Christman*, 4 id. 277; *Jackson* v. *Sellick*, 8 J. R. 270; *Jackson* v. *Harder*, 4 id. 202; Freeman on Co-tenancy and Partition, § 398; Knapp on Partition, 465.)

A tenancy in common exists when there is merely unity of possession, either with or without a union of other interests. The result of a parol partition, when carried into effect by each tenant taking exclusive possession of his own share and surrendering possession of all the other shares according to the allotment, is to destroy the unity of possession, and thus the

parties by their acts only, without a deed, cease to be tenants in common of the whole, and each becomes the tenant in severalty of a part. The unity of possession is severed and the partition is effected by the acts of the parties in taking exclusive possession of their respective shares by common consent. While the form of the transaction is a parol agreement followed by the act of taking exclusive possession, each of his part, the substance is the act itself. A parol agreement simply cannot terminate the unity of possession. Standing alone it would be ineffectual for any purpose. The partition springs from the act of each tenant, with the consent of the others. Although practically a substitute for, it is not equivalent to mutual conveyances, which would sever the unity of possession, even if not followed by actual possession. No title is transferred by a parol partition, even when it is carried into effect, as it acts only upon the unity of possession and by ending that accomplishes the object in view. It ascertains and defines the limits of the respective possessions. Possession under a tenancy in common, is *per mie* and not *per tout*, and as each tenant owns an undivided fraction, he cannot know where that fraction is until a division has been made. (4 Kent, 367, 371; 2 Black. Com. 191, 194.) While his title remains the same after partition as it was before, his part is separated and identified by the division. (Allnott on Partition, 124, 129; *Corbin* v. *Jackson*, 14 Wend. 621, 625.) It follows from these views, which are supported by the authorities already cited, that a right in the nature of an easement cannot be created by a parol agreement for the partition of lands, because that involves something besides a severance of the unity of possession. It implies a grant, by which the right is either reserved or conveyed. (*Wiseman* v. *Lucksinger*, 84 N. Y. 31.) It is something carved out of one parcel of land, the servient, for the benefit of another, the dominant. "It is an interest in or over the soil," and "can only be acquired by grant, and ordinarily by deed * * * a parol license being sufficient for the purpose." (Washburn on Easements, 3–7.) Considering the nature of an easement and the means necessary to create it, we do not think

that a right of that character was acquired by the owner of the seventy acres with reference to the remainder of the tract.

If, by virtue of the parol agreement, the right in question was to belong to Elijah Millard, as a personal interest independent of his ownership of the seventy acres, it was not an easement, proper, but an estate in the land itself. The right to take a part of the soil or produce of land, known as *profit a prendre*, requires a grant, or prescription from which a grant is presumed. (*Pierce* v. *Keator*, 70 N. Y. 419, 422; *Post* v. *Pearsall*, 22 Wend. 425, 433; 2 Washburn on Real Property, 276, 338; Rapalje & Lawrence Law Dict. title Profit.) It is inconsistent with possession or ownership in severalty, which is the sole and exact result of an effective parol partition. When unity of possession ends, possession in severalty begins and the partition is accomplished. It cannot fall short of this result, if it takes effect at all, and it cannot go beyond it.

If the right to enter and take away apples, as contended for, was merely a parol license, it was revocable at pleasure and the conveyance of the hundred acres without reference thereto effected a revocation. (*Cronkhite* v. *Cronkhite*, 94 N. Y. 323; *Shepherd* v. *McCalmont Oil Co.*, 38 Hun, 37; Washburn on Easements 7.)

But, whatever the nature of the right, as claimed, was, we agree with the learned General Term that, as it was not, and could not be, made a matter of record, the recording act, supervened and protected the plaintiff. Subsequent to the parol partition the parcel of one hundred acres was twice conveyed by deeds duly recorded, neither of which contained any reference to the right or claim in question. There was no visible sign of its existence and nothing apparent in the use or possession of either tenement to put a purchaser upon inquiry, while the record title contained no suggestion upon the subject. If the verbal agreement had not been limited simply to one-half of the apples, but had embraced one-half of all the annual products of the farm, it would have been the same in principle. Unless the right was a parol license it required a grant, duly placed upon record, in order to be valid

against one purchasing in reliance upon the recording act. (4 R. S. [8th ed.] 2469.) The will of Elijah Millard was not constructive notice to the plaintiff because, aside from any other question, it was not recorded in the county clerk's office, but in the surrogate's office only. Section 2633 of the Code of Civil Procedure was not in force on the 26th day of March, 1880, when the plaintiff's deed was recorded. (Code C. P. §§ 2633, 3356.)

We think that the judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not voting.

Judgment affirmed.