STATE ex rel. RICHARDSON, Bank Com'r, v. CITIZENS STATE BANK OF WEBBERS FALLS et al.

*97 P. 2d 91.*

No. 28875.   Dec. 19, 1939.

Houston E. Hill, Chief Counsel of State Banking Department, of Oklahoma City, and Glenn O. Young, of Sapulpa, for plaintiffs in error.

C. A. Ambrister, of Muskogee, for defendants in error.

CORN, J. This is an action prosecuted by the state of Oklahoma on relation of the Bank Commissioner to quiet title to 580 acres of land located in Nowata county, the purpose of the action being to quiet title in the Bank Commissioner for the use and benefit of the depositors of the defunct Sapulpa State Bank. The action is against the Citizens State Bank of Webbers Falls, H. H. Moore and Bessie E. Moore, his wife. Moore and wife file a disclaimer of any interest in the property or the action, while the said Citizens State Bank, which is also a defunct state bank in the process of liquidation, in its answer and cross-petition claims ownership and title to the premises, for the use and benefit of the depositors. Judgment was for the defendant, and the plaintiff brings this appeal.

From the beginning the controversy has been between the two groups of depositors of said defunct banks, each group claiming the land in question as an asset of its respective bank. H. A. McCauley was president of the Sapulpa State Bank and owned an interest in the Citizens State Bank of Webbers Falls. Both banks were declared insolvent and the assets were taken over by the Bank Commissioner on November 27, 1929.

The plaintiff in his petition, and the defendants in their answer and cross-petition, deraign the title, setting up the conveyances by and through which they claim title to the premises. The plaintiff alleges he derived his title to the property as follows: Quitclaim deed from F. Hutton Vore and wife to H. H. Moore, dated August 14, 1922; quitclaim deed from H. H. Moore and wife to McCauley & Company, dated August 26, 1922, who plaintiff alleges held title as trustee and agent of the Sapulpa State Bank; and quitclaim deed from McCauley & Company, a corporation, to the State Bank Commissioner, dated December 26, 1933. The defendant Citizens State Bank alleges that H. H. Moore and wife, in consideration for release from stockholders' liability and of certain liability by reason of their execution and endorsement of notes to the Citizens State Bank of Webbers Falls, conveyed said described premises to W. M. Gibson, Jr., liquidating agent for said bank. That thereafter Hoy Harsha, liquidating agent for the Sapulpa State Bank, made demand upon the said Gibson for title to and possession of the property, and thereupon the two liquidating agents and their attorneys submitted the matter in controversy to the Bank Commissioner, and the Bank Commissioner directed that the matter be litigated in the district court of Nowata county. Thereafter such an action was brought by the attorneys for the Sapulpa State Bank in the name of the state on relation of the Bank Commissioner for the benefit of the Sapulpa State Bank, against H. H. Moore, W. M. Gibson, Jr., trustee, and McCauley & Company, in which action the plaintiff therein claimed that the purported deed from H. H. Moore and wife to McCauley & Company was intended as a mortgage to secure a series of notes executed by the said H. H. Moore to McCauley & Company and the Sapulpa State Bank, which were assets of the Sapulpa State Bank. It developed in the trial of the case that the deed was executed in blank, and after the bank had failed, the descriptions were filled in, and for the purpose of treating the deed as a mortgage in said action the mortgage tax was paid and the treasurer's receipt therefor was stamped and endorsed on the deed on March 4, 1931. It was further alleged by the plaintiff in said cause that the deed from H. H. Moore and wife to W. M. Gibson, Jr., was without consideration, and that the said Gibson was not an innocent purchaser of the property, and that the deed was therefore null and void and constituted a cloud upon plaintiff's title, and prayed cancellation thereof, and further prayed that the purported deed from H. H. Moore and wife to McCauley & Company be declared a mortgage to secure the above-mentioned notes, and prayed the foreclosure thereof to satisfy the judgment sought against H. H. Moore upon the notes belonging to the Sapulpa State Bank. In that action the trial court rendered a money judgment

in favor of the Sapulpa State Bank on the notes against H. H. Moore, but found and adjudged that the purported deed from H. H. Moore and wife to McCauley & Company was not intended as a mortgage, and therefore rendered judgment against the plaintiff on that issue; and the court further entered judgment for the defendant, W. M. Gibson, Jr., trustee, quieting the title to the premises as against McCauley & Company and H. H. Moore. From said judgment the plaintiff appealed to this court, but with slight modifications the judgment was affirmed. See State ex rel. Shull, Bank Com'r, v. Moore et al., 167 Okla. 28, 27 P. 2d 1048. Notwithstanding the judgment of the court holding that McCauley & Company had no title to the land, said company executed a deed to the Bank Commissioner a short time after the above-mentioned decision was rendered by this court, therein designating that the conveyance was made for the use and benefit of the Sapulpa State Bank; and this is the chain of title by which the Bank Commissioner is claiming title to the land in this action. It is obvious that this claim cannot prevail in the face of the record which we have before us in this case. The deed from H. H. Moore and wife to W. M. Gibson, Jr., trustee, was upheld by the judgment in the former action between the same parties, and the title to the property was quieted in the said Gibson as against McCauley & Company, the grantor through whom the plaintiff in the instant action claims title to the land. But in view of the fact that Gibson, as such trustee, conveyed title to the land to the Bank Commissioner, we hold that the Bank Commissioner was thereby invested with the legal and equitable title to the premises, and that his title is derived through the said Gibson and not through McCauley & Company.

The plaintiff is bound by the judgment of the court in the former action, and he acquired no greater rights in the property by the McCauley & Company deed than said grantor had in the property. Baker v. Leavitt, 54 Okla. 70, 153 P. 1099.

And as stated in the case of Clewell v. Cottle, 99 Okla. 84, 225 P. 946, in paragraph 2 of the syllabus:

"The plaintiff in an action to quiet title to land must allege and prove that he is the owner of either the legal title or the complete equitable title. Unless plaintiff has the title, it is immaterial to him what title defendant claims." Also see Going, Co. Treas., v. Green, 103 Okla. 93, 229 P. 521.

The judgment of the trial court now under consideration holds that the Citizens State Bank of Webbers Falls is the owner of the legal and equitable title and is entitled to immediate possession of the premises, and that the plaintiff has no right, title, claim, or interest in the same. This language of the trial court might be confusing unless it is borne in mind that the real controversy is between the creditors of the two defunct banks, and that the Bank Commissioner by this action is seeking to try the title and to have the rights of the parties adjudicated in order that he may administer the property for the use and benefit of the parties entitled thereto. In reality the action was brought by the Bank Commissioner on behalf of the Sapulpa State Bank against the Citizens State Bank of Webbers Falls to quiet the title in the Bank Commissioner for the use and benefit of the Sapulpa State Bank.

Nevertheless, the title to the property and assets of insolvent banks is vested in the Bank Commissioner by operation of the statute, and in affirming the judgment of the trial court let it be understood that the title is quieted in the Bank Commissioner for the use and benefit of the Citizens State Bank of Webbers Falls.

Irrespective of which bank was successful in acquiring good title to the land, we have examined the records with the view of ascertaining where the equities lie as between the two banks in their dealing with each other prior to insolvency. The two banks were practically under identical ownership and control, and prior to the closing of said banks a transfer of worthless notes was made from the Sapulpa State Bank to the

Citizens State Bank of Webbers Falls amounting to slightly over $20,000, and these notes were paid by draft from the Citizens State Bank to the Sapulpa State Bank, thereby resulting in an actual gain to the Sapulpa State Bank and an actual loss to the Citizens State Bank in that amount of cash. This transaction practically offset the amount of the H. H. Moore notes held by the Sapulpa State Bank, which were claimed by said bank to have been secured by the deed to said real estate.

The judgment is affirmed.

WELCH, V. C. J., and OSBORN, GIBSON, and HURST, JJ., concur.