## AMERICAN BANK & TRUST CO. et al. v. CONTINENTAL INV. CORP.

No. 33506. Dec. 27, 1949.

Rehearing Denied Jan. 17, 1950.

213 P. 2d 861.

H. A. Ledbetter, of Ardmore, for plaintiffs in error.

Fred W. Martin, of Wagoner, for defendant in error.

HALLEY, J. The land involved in this case was a certain 40 acres, being the S.E./4 N.E./4 sec. 8-3N.-5W., Grady county, Oklahoma, which it was agreed was owned ¾ by Gladys Wallace and ¼ by the American Bank & Trust Company, or its grantee, prior to the issuance of a resale tax deed on May 10, 1938, by the county treasurer of Grady county to the Continental Investment Corporation. We shall refer to the parties as they appeared in the court below, the Continental Investment Corporation being referred to as plaintiff, and the defendants as "defendant bank", "defendant Wallace", etc.

On October 29, 1938, the plaintiff filed a petition in the district court of Grady county for ejectment and to quiet title. Summons was issued on October 29, 1938, for the American Bank & Trust Company, and service was had on that corporation by serving its president on November 9, 1938. Summons was also issued for Gladys Wallace, together with other defendants, on the same date, but that summons was returned showing that no service had been made upon Gladys Wallace. No service was had upon Gladys Wallace until the 22nd day of May, 1944. W. J. Barnett, the then Bank Commissioner of the State of Oklahoma, filed his petition in the district court of Carter county on the 8th day of December, 1933, for liquidation of the American Bank & Trust Company. The exact date that it was placed in the hands of the Bank Commissioner does not appear of record, but the case-made does show that the liquidation proceedings continued down to and including the year 1939. On the 15th day of September, 1937, an order was made by the district court of Carter county confirming the sale of the remaining assets of the bank. What the remaining assets of the bank consisted of does not show of record. The purchasers at this sale were M. Gorman, Edward Galt, and Ward S. Merrick. In the 9th day of June, 1944, those three men conveyed the land in question by quitclaim deed to E. Dunlap, Jr., and on the same date there was a quitclaim deed executed by the American Bank & Trust Company, by M. Gorman, president, and attested by

Robt. Batis, cashier, in which the same land was conveyed to E. Dunlap, Jr. Defendant Dunlap, however, only claims a ¼ interest in this land.

The defendants, in their answer, pleaded the statute of limitations and made a tender of taxes, penalties, interest and costs.

This property was first sold for taxes on November 14, 1932, and was bid in by the county and sold at resale for the taxes for 1931, 1932, 1934, 1935 and 1936, on the 18th day of April, 1938, to the plaintiff, and the resale tax deed was issued on the 10th day of May, 1938, and filed for record with the county clerk of Grady county on the 31st day of May, 1938. It is admitted by all parties that at the time of the filing of this action by the plaintiff, the defendants Gladys Wallace and the American Bank & Trust Company, or its grantees, were tenants in common of the land in question, the bank or its grantees owning ¼ interest and Gladys Wallace owning ¾ interest.

The first question for determination is whether service of summons upon the bank was the commencement of an action against defendant Wallace under the provisions of section 97, Title 12, O.S. 1941. If so, the action was begun within the time provided for by subdivision 3 of section 93, Title 12, O. S. 1941, being the applicable limitation statute. We held in Lane, Adm'r, et al. v. Bass, 193 Okla. 682, 146 P. 2d 563, that an action by the holder of a resale tax deed to quiet title to and obtain possession of the real estate described in the deed is governed by the foregoing statute, and that such action must be brought within two years after the date of the recording of the resale tax deed. So, in this case, the plaintiff was not entitled to recover against the defendant Wallace unless the issuance and service of summons upon the bank constituted the commencement of the action against her.

Section 97, Title 12, O.S. 1941, provides as follows:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant at the date of the summons which is served on him, or on a co-defendant who is a joint contractor or *otherwise united in interest* with him." (Emphasis ours.)

Certainly the bank and the defendant Wallace were not joint contractors. They were simply tenants in common. We have not passed on the foregoing question exactly, but we did hold, in Morrissey et al. v. Hurst, 107 Okla. 1, 229 P. 431, that the maker of a note secured by mortgage on real estate and a subsequent purchaser of the mortgaged premises, who has not assumed and agreed to pay the debt, were not joint contractors or otherwise *united in interest*, within the meaning of section 97, Title 12, O.S. 1941. As applicable to this case, we like the definition of tenants in common made in Tilton v. Vail, 42 (Hun) Supreme Court of N.Y. Reports, 638, at p. 640, which is as follows:

"Tenants in common are such as hold by several and distinct titles, but by unity of possession, and, therefore, one may hold his part in fee simple and the other in tail or for life. There is no necessity for unity of interest. (Chase's Blackstone, 368.) Or, to express it differently, tenants in common are such as have a unity of possession, but a distinct and several title to their shares. (Williams on Real Property, 136.) To the same effect see McCall on Real Property (p. 133, §21)."

We cannot see how tenants in common could be considered as being united in interest. The plaintiff could very well have proceeded against either one of these tenants, had he so desired, but would have quieted his title only to the specific interest which such defendant had. This point was squarely passed upon in Stevens v. Young et al., 69 N. Y. 2d 636, a mortgage foreclosure action, wherein the court held that tenants in common were not united in interest within the meaning of the statute providing that action is deemed to be commenced, within the statute of limitations, when summons is served upon a codefendant "united in interest" with defendant, and therefore a tenant

in common, who was not served within the time limited by law for commencement of a mortgage foreclosure action, was entitled to dismissal of the complaint as against her. We quote from that opinion as follows:

"There is neither privity of title nor union and entirety of interest as between tenants in common who are united only in their right to possess the realty. Malcom v. Rogers, 5 Cow. 188, 192, 15 Am. Dec. 464; Taylor v. Millard, 118 N.Y. 244, 249, 23 N.E. 376, 377, 6 L.R.A. 667. The interest of each tenant in common may be subject to payment of the whole debt secured by a mortgage and the mortgagee may proceed to foreclose the interest of one and not of another. Frost v. Frost & Bevins, 3 Sandf. Ch. 188. The holder of one such separate estate may have a defense, e. g., release or discharge of interest from the lien of the mortgage, not available to the other. The interests of such defendants, then, are not such that they stand or fall together and that judgment against one will similarly affect the other."

We are of the opinion that the service of summons on the defendant bank in 1938 was not a commencement of an action against the defendant Wallace.

We then come to the question of the ownership of the ¼ interest, the title to which was formerly in the bank and by it conveyed to E. Dunlap, Jr. At the time of the resale, as has been said, the title to the ¼ interest was either in the bank or in M. Gorman, Edward Galt and Ward S. Merrick. We held in Wenner, County Treasurer, et al. v. Mothersead, Bank Commissioner, et al., 129 Okla. 272, 264 P. 816, that real estate a part of the assets of a bank whose assets have been taken charge of by the Bank Commissioner was not exempt from taxation. The proceedings by which this particular land was sold at resale in 1938 have not been attacked, and we assume that the proceedings leading up the resale and the resale itself were regular, and from the records of Grady county, the American Bank & Trust Company was the owner of a ¼ interest in the property. The intervening deefndant, E. Dunlap, Jr., did not obtain his quitclaim deeds to the property until 1944, more than six years after the issuance of the resale tax deed to the plaintiff, and requested the right to appear in this case. Undoubtedly, E. Dunlap, Jr., stepped into the shoes of one of the other of his grantors—either the bank or Gorman, Galt and Merrick, who did not file their deed for record in Grady county; and this court held in the case of Brockman v. Roberts, 89 Okla. 57, 213 P. 545, that one who purchases real property from a party to an action involving title thereto, after the institution of and during the pendency of such action, is bound by the judgment rendered therein against his grantor and acquires no greater rights than his grantor. This rule was followed in Jones v. Merfeldt, 167 Okla. 520, 30 P. 2d 924, and in State ex rel. Richardson v. Citizens State Bank, 186 Okla. 270, 97 P. 2d 91.

The defendant Dunlap does not urge any defense to the plaintiff's cause of action against the bank or the bank's grantees, except that the Bank Commissioner was not served with a summons in this case and that therefore the statute of limitations has run. It is to be noted that all of the assets of the bank were disposed of in 1937, before the resale tax deed was issued, and the Bank Commissioner as such had no interest in this particular property; and it has been shown that such property, even though it were in the hands of the Bank Commissioner, was subject to ad valorem taxes. No authority has been pointed out to us, and we find none, which requires a plaintiff under a like set of facts as in this case to make the Bank Commissioner a party to the lawsuit. The record owner was properly served. We hold that the ¼ interest acquired by defendant Dunlap by quitclaim deed was subject to the resale tax deed to the plaintiff, and that as to such interest the plaintiff is entitled to have its title quieted.

The cause is reversed and remanded, with instructions to the trial court

to enter judgment quieting title in Gladys Wallace to ¾ of the land in question, subject, however, to the payment by Gladys Wallace of ¾ of all taxes, interest, and penalties due on said land; and the trial court is affirmed in quieting title in the plaintiff, Continental Investment Corporation, to the ¼ of said land which was originally owned by the American Bank & Trust Company.

WELCH, CORN, LUTTRELL, and O'NEAL, JJ., concur. GIBSON and JOHNSON, JJ., dissent as to reversal.

