COOPERATIVE REFINERY ASSOCIATION, Plaintiff in Error,

v.

Edna YOUNG, Henry Stanley, Harvey Stanley, Lessie Williams, Dennis Stanley and Allie P. Stanley, Defendants in Error.

No. 39768.

Supreme Court of Oklahoma.

June 16, 1964.

Brown & Brown, by Paul Brown, Oklahoma City, for plaintiff in error.

George Bingaman and Thomas G. Smith, Purcell, for defendants in error.

DAVISON, Justice.

This is an appeal by Cooperative Refining Association (defendant below) from a money judgment rendered on jury verdict against it in favor of Edna Young et al (plaintiffs below). The parties will be referred to by name or as they appeared below.

The circumstances are that ten brothers and sisters each own an undivided 1/10 interest in a 40 acre tract of land in Mc-Clain County, Oklahoma, as tenants in common. In February, 1955, Cooperative acquired a lease thereon for oil and gas purposes and drilled a well on the property. Production from the well ceased in 1959 and Cooperative began negotiations with the ten tenants in common to secure an agreement giving Cooperative the right to use the well for the disposal of salt water from other wells it operated in the area. Four of the ten tenants in common executed an agreement giving Cooperative the right to use the well for such purposes. The agreement

recited that it would be effective as to those executing the agreement and their respective undivided interests irrespective of whether executed by all the tenants in common.

In December, 1959, Cooperative wrote to Henry Stanley, one of the six non-agreeing tenants in common (who lived on an adjoining tract and appears to be the unofficial spokesman for his brothers and sisters) that Cooperative had received permission from the Oklahoma Corporation Commission to use the well for salt water disposal and that four of the tenants in common had also granted permission, and that:

"* * * such permission gives us the authority to so use the said well even though the remainder of the tenants in common have not given their consent. You are advised, therefore, that we have the full legal right to use the said well as a salt water disposal well and any interference with our operations in connection therewith will be considered as a trespass upon our rights. Our field personnel have accordingly been instructed from this office by our Director of Production to proceed with the necessary operations for the disposal of salt water into the said well."

Henry Stanley testified that in January, 1960, Cooperative started preparing the well for a salt water disposal well and that he asked the workmen to stop and they did stop for a day, but that they came back the next day and said they had orders to go ahead.

The six non-agreeing tenants in common (hereafter referred to as plaintiffs) brought this action against Cooperative for damages for trespass and also asked for exemplary or punitive damages. Trial to a jury resulted in a verdict for $600 actual damages and $3,600 punitive damages. Cooperative's motion for new trial was overruled and it appeals from the judgment.

Cooperative contends that by virtue of the execution of the agreement by four of the cotenants, it became a tenant in common with the non-agreeing cotenants and that a tenant in common cannot be denied the use and benefit of his estate so long as the intended use is reasonable and proper and his cotenants are not ousted from possession.

The basis of this contention is that the agreement between Cooperative and the four cotenants is a lease and that any of the cotenants may lease his undivided interest in the common property, either with or without the consent of the other cotenants, and such lessee becomes a cotenant with the others and is entitled to exercise the rights of a cotenant. Cooperative cites 14 Am.Jur., Cotenancy, Sec. 87; Prairie Oil & Gas Co. v. Allen, 10 Cir., 2 F.2d 566, 40 A.L.R. 1389; Riddle v. Ellis, 139 Okl. 68, 281 P. 286; and other decisions. See also Annotation, 49 A.L.R.2d 797.

Plaintiffs contend that as between them and Cooperative there is absent the unity of possession requisite to a tenancy in common (citing American Bank & Trust Co. v. Continental Inv., 202 Okl. 341, 213 P.2d 861, and that the agreement executed by the four cotenants was a grant of an easement to Cooperative. Plaintiffs urge their cotenants could not validly do this. As to this contention see 14 Am.Jur., Cotenancy, Sec. 89; 86 C.J.S. Tenancy in Common § 111; Thompson on Real Property, Vol. 2, Sec. 468; and Thomas v. Morgan, 113 Okl. 212, 240 P. 735, 738, 43 A.L.R. 934. Plaintiffs conclude that Cooperative was a trespasser.

Under the circumstances presented in this case it is not pertinent or necessary that we determine the correctness of the parties' propositions as to whether the above agreement was a lease or an easement, or to distinguish the legal consequences of each. Plaintiffs' action was for actual and exemplary damages for trespass on the property in violation of plaintiffs' property rights. It was not a suit to collect rents and profits. Plaintiffs' proof showed spilling or pumping of salt water upon the land and in the slush pits. The trial court limited the proof to surface damage and by its instructions limited the jury to a determination of dam-

ages, if any, to the surface only. There was no issue as to underground damages.

■ Assuming that Cooperative's contention is correct and that the agreement was a lease and that it became a cotenant of the plaintiffs, still this is not in all instances a defense to an action for damages for trespass. In this connection there is a principle of law that although cotenancy is a good defense to an action for trespass by the cotenant, it is not a defense where there has been a destruction of the property or a misuse thereof (except to the extent of defendant's interest). 87 C.J.S. Trespass § 44a(3); McDaniel Bros. v. Wilson (Tex.Civ.App.), 70 S.W.2d 618.

■ We will also concede for the purposes of this decision that plaintiffs' contention is correct and that the agreement was an easement and beyond the power of the other four cotenants to grant or create and that Cooperative was a trespasser as to plaintiffs. Under this assumption Cooperative was upon the property and using a portion of the surface thereof without right and in violation of plaintiffs' rights. It is axiomatic that one whose rights have been invaded by a trespass can recover for all the damage which has been occasioned thereby. 87 C.J.S. Trespass § 108.

■ It is apparent that by reason of the circumstances there was a legal basis for plaintiffs' claim of damage to the surface under either or both of the contentions of the parties as to the legal nature of the agreement between Cooperative and the four consenting cotenants. We will not, therefore, determine the correctness of either contention.

■ As stated above the plaintiffs adduced evidence that Cooperative had pumped salt water into the slush pits (which had been built at the time the well was drilled) and had spilled salt water on the ground around the trucks and pipelines which it used to transport the salt water to the well. Plaintiffs showed by expert witnesses that the permanent damage to the surface of the land amounted to as much as

$8,000. Cooperative's expert witness, on the other hand, testified that no damage to the surface of the land was caused by its operation and that substantially the same area of roads, slush pits and tank area was used as had been used in the drilling, equipment and operation of the well. By its verdict the jury determined that permanent damage to the land was suffered by plaintiffs and we find and hold that there was competent evidence to sustain the jury's verdict of $600 actual damages to the plaintiffs, who had 6/10ths interest in the land, and the trial court's judgment in that amount is accordingly affirmed.

We will now consider whether there was sufficient evidence to justify the trial court's submission to the jury the question of exemplary or punitive damages.

■■ In Keener Oil & Gas Co. v. Stewart, 172 Okl. 143, 45 P.2d 121, we held:

"To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by, or accompanied with, some evil intent, or must be the result of such gross negligence, such disregard of another's rights, as is deemed equivalent to such intent."

■ In examining the entire record, we can only conclude that Cooperative was acting in good faith and was of the opinion it was acting within its rights. It used no force or stealth and entered upon the premises only after due notice. There is no evidence of fraud, malice or oppression and Cooperative's acts were not actuated by, or accompanied by any evil intent, or the result of gross negligence. We therefore conclude and hold that the evidence was insufficient for the trial court to submit to the jury the question of exemplary or punitive damages and the judgment rendered herein should be modified accordingly.

The judgment of the trial court is modified to the extent of allowing the sum of $600 (which allows damages for actual

damages only) and, as modified, the judgment appealed from is affirmed.

Judgment affirmed as modified.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.