**Gurley B. LENN, Plaintiff in Error,**

**v.**

**James Leroy MILLER, Defendant in Error.**

**No. 40705.**

Supreme Court of Oklahoma.

May 25, 1965.

As Corrected July 1, 1965.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

Keith R. Treadway and Arthur S. Bay, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an appeal by Gurley B. Lenn (defendant below) from a judgment rendered on jury verdict in favor of James Leroy Miller (plaintiff below) for the sum of $211 compensatory damages and $200 exemplary damages.

A number of defendant's complaints of error may be joined under the proposition that plaintiff's proper remedy was for violation of a contract obligation and not for tort based on fraud, and that plaintiff was not entitled to a recovery of exemplary damages.

It was alleged in plaintiff's petition that the defendant was the sole owner and operator of O. C. Novelty Company (herein referred to as Company) and that defendant was engaged in the manufacture, distribution and sale of a worthless magical devise, consisting of playing cards on which were impressed certain markings that were invisible to the naked eye, and tinted contact lenses with which the invisible markings were represented to become visible, enabling the user to read each card from the reverse side; that defendant falsely, wilfully, maliciously, and with knowledge that the magic novelty was a hoax and was worthless, and with intent to deceive the public, including plaintiff, offered the novelty to the public, warranting and representing its fitness as a magical novelty by advertisement and by mailing plaintiff a brochure. Plaintiff further alleged that, relying on such warranties and representations, he bought and paid $211 for the articles for the purposes of prestidigitation, and upon delivery found they were worthless for such purpose, in that the markings on the cards could not be discerned by use of the contact lenses; that he had suffered actual damages in the amount of the purchase price, and by reason of the fraud and misrepresentations was entitled to $2000 exemplary damages.

Defendant's verified answer was a general denial, a denial that he was either sole owner or operator of the Company, a denial of any participation in the advertising and sales transaction, and stated he had no identity of any sort with the Company.

The record reflects and it is not controverted that there was a cash sale transaction, effected by mail, by which plaintiff (of Baytown, Texas) purchased and there was mailed to him (from Oklahoma City, Oklahoma) the above described magical merchandise, that prior to the sale the plaintiff requested, and there was mailed to him from Oklahoma City, Oklahoma, a folder (brochure) with "O. C. Novelty Co." printed thereon and describing the contact lens as follows:

"The only Contact Lens which can be successfully used to read our Contact Lens Cards.

"So small they are practically invisible when you use them as they cover only the colored pupil of your eye. Cannot be seen even upon closest examination.

"Simple, easy to follow instructions are included with your order for Contact Lens.

"To order, obtain an ophthalmometer reading of your eyes from your local

optometrist, and send it to us with your order."

The folder also described the playing cards to be used with the lens as follows:

"Contact Lens Cards are the newest card work on the market. ORDER YOURS TODAY.

"This work cannot be seen with the naked eye, but with our Contact Lens described above, the work is seen as plainly as the Ace shown here as A. The King is shown as K, and on down to the Deuce, shown as 2.

"THIS IS GUARANTEED TO BE ALL WE SAY! Contact Lens Cards are tedious to make, but well worth the price."

Opposite the last statement was a replica of the back of a playing card with "A" clearly shown thereon in two places.

Plaintiff forwarded his order and received the merchandise August 23, 1962, together with a memorandum upon which there was a printed heading "Gurley B. Lenn and O. C. Novelty Co." Typed thereon was:

"Your order has been filled according to your RX and now that you have the contact lens may we suggest you be very careful of them. * * *"

and further instructions in the use and care of the lens.

Plaintiff testified he was an amateur magician and narrated in detail the considerable effort he had made to see and read any markings on the cards by using the contact lens and stated he could not do so; that the lens were pink; that he came to the place of business of O. C. Novelty Company in Oklahoma City and requested of defendant that he return the money paid for the articles, but defendant refused.

Plaintiff used a licensed optometrist as an expert witness, qualified by profession and experience, to testify regarding the contact lens. This witness stated that it was the lens acting as a filter that enabled a person to see the markings on the cards; that the lens sold to plaintiff would not and did not enable a person to see the markings; and that the markings on the cards were such as to require a ruby red lens, which, when worn, would be apparent to other persons.

In Rucker v. Tietz, Okl., 376 P.2d 341, it is stated:

"The elements of actionable fraud are material, false representations made with knowledge of their falsity, or recklessly made without knowledge of their truth and as a positive assertion, with intention they be acted upon by another, and relied thereon by another party to his injury."

According to the allegations of the petition and the evidence in the form of the folder the express purpose of the invisible markings on the back of the cards and the use of the contact lens was to enable the person using them to plainly see such markings and determine what the card was, without looking at the face of the cards. The evidence of the plaintiff, which the jury chose to believe, was that the articles were defective and would not accomplish this result, and thereby rendered the articles worthless for the purpose for which they were bought. This was proof that the representations that induced the plaintiff to buy the articles were false and untrue. In short the articles lacked the quality they were represented to possess.

In Finefrock v. Carney, Okl., 263 P.2d 744, it is said:

"A representation concerning the quality of property bought unseen may be the basis of fraud inducing the contract of sale."

The allegations of the petition relate the representations as to the purpose and quality of the merchandise, his reliance thereon, that the representations were false and untrue because the merchandise was worthless for its intended purpose, and the damages to plaintiff. The action sounds in tort for fraud in inducing the contract of sale, and plaintiff was entitled to seek redress on that ground.

■ In view of the plaintiff's evidence we are of the opinion that there is evidence reasonably tending to support the verdict and judgment for plaintiff's recovery of the $211 purchase price paid for the merchandise.

This brings us to the proposition of whether the evidence justifies plaintiff's recovery of $200.00 exemplary damages.

Our statute authorizing exemplary damages, 23 O.S.1961, § 9, is as follows:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

■ In Cooperative Refinery Association v. Young, Okl., 393 P.2d 537, it is stated:

"To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by, or accompanied with, some evil intent, or must be the result of such gross negligence, such disregard of another's rights, as is deemed equivalent to such intent."

■ So far in this opinion we have considered only the evidence of plaintiff in order to ascertain the nature of plaintiff's action and the sufficiency thereof to sustain the claim that the articles were not as represented. The evidence did reflect that the cards were marked and the lens were tinted. The lack of quality thereof was the cause of their failure to render the markings visible. Defendant's evidence in this respect was mainly that practice in the use of the articles was necessary to achieve ability to read the markings. This injects the proposition of the personal ability of the user to acquire proficiency in performing the magical illusion. Furthermore,

defendant's witness (Mrs. Lenn, wife of defendant) testified that she performed the operation of marking the cards, but did not make the lens; that the lens, with the prescription incorporated therein, was made by a manufacturing concern; and when returned was forwarded to the customer with the rest of the merchandise. All of these circumstances have some relation to the question of the existence and quality of the intent required for exemplary damages. Upon consideration of all of the factors constituting the situation we conclude that the record does not show the aggravating circumstances or such gross negligence and indifference as to amount to evil intent on the part of defendant to sustain exemplary damages.

■ Defendant further contends that he was not the proper defendant in the action. This contention is based on the proposition that the verdict and judgment is contrary to the evidence in support of the allegation in his answer that he was not the owner or operator of O. C. Novelty Company, had no identity therewith, and did not participate in the advertising and sale transaction with plaintiff. Mrs. Lenn testified she was sole owner of the company by virtue of a written transfer dated January 1, 1960, whereby defendant transferred his one-half interest to her and that defendant did not work in or run the business. Plaintiff's contrary evidence has been herein related, and in addition plaintiff further testified that while present in the place of business in Oklahoma City he told Mrs. Lenn he wanted to talk to "either the owner or the manager of the store" and the defendant came into the room and said "I am Mr. Lenn, the owner of the store, what do you want?"

This was one of the issues in the case and was presented to the jury by the instructions of the trial judge. The jury obviously determined this issue in favor of plaintiff.

In Jackson v. Gifford, Okl., 264 P.2d 313, it is stated:

"Where, in actions at law, disputed questions of fact are submitted to the

jury, the jury's verdict and judgment based thereon will not be disturbed on appeal if there is any evidence reasonably tending to support it."

The judgment may stand insofar as it allows actual damages and is reversed as to recovery of exemplary damages.

Judgment as modified affirmed.

JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.