Maria DAWSON, Appellant,

v.

William F. TINDELL, Brenda G. Tindell, Marvin Black, and Greene & Andress, Inc., a Corporation, Appellees.

No. 61467.

Supreme Court of Oklahoma.

Feb. 3, 1987.

Rehearing Denied March 10, 1987.

Art Fleak, Jr., Tulsa, for appellant.

Paul T. Boudreaux, Joseph A. Sharp, Patricia K. Lamb, Best, Sharp, Thomas, Glass & Atkinson, Tulsa, for appellees.

ALMA WILSON, Justice:

The appellant, Maria Dawson, purchased a house on August 2, 1981. The house had been listed for sale with Greene and Andress, Inc., realtors, by the previous owners, Mr. and Mrs. Tindell. Certain structural damage to the foundation of the home allegedly existed at the time the Tindells sold the home to Ms. Dawson through their realtor. On March 17, 1982 Ms. Dawson brought suit against the realtor, the realtor's sales associates and the previous owners of the house alleging that these defendants intentionally and/or negligently failed to apprise her of damage to the foundation of the house. As to the realtor and sales associates, Ms. Dawson asserted a cause of action captioned "professional negligence", contending essentially the realtor owed a potential purchaser an independent, higher standard of care to investigate property, apart from the representations and assurances of persons listing property for sale with said realtor; and that the realtor here breached the asserted duty, though the previous owners did not advise the realtor of any structural defects when inquiry was made and the previous owners denied any knowledge of the alleged structural defects. As against the previous owners, as well as the realtor and its sales associates, Ms. Dawson asserted a cause of action for fraud based upon allegations that each of them knew, either actually or constructively, of material defects to the foundation, and breached a duty under the circumstances to speak and disclose such information to the prospective buyer, but instead remained silent. All defendants denied such knowledge and the realtor additionally asserted that its duty to disclose is limited to the knowledge the realtor possessed when it put the property for sale.

As to the cause of action for "professional negligence", the trial court sustained the realtor's pretrial demurrer and ruled as a matter of law, that the petition as regards the purported cause of action could not be amended. As to the fraud cause of action against all defendants, the trial court granted the realtor's motion for summary judgment, leaving Ms. Dawson to prosecute her action for fraud against the Tindells, the previous owners/sellers of the property.

## I

We find that, under the facts of this case, the trial court did not commit reversible error in sustaining the realtor's pre-trial demurrer to the petition alleging professional negligence. We make no ruling as regards the propriety of an independent cause of action for professional negligence in circumstances not involving explicit waiver, *infra*, as in the present case.

## II

We now examine the trial court's granting of the realtor's motion for summary judgment, leaving Ms. Dawson to prosecute her action for fraudulent misrepresentation (fraud) against the previous owners/sellers of the property in question.

The elements of actionable fraud are material, false representations which are made with knowledge of their falsity, or recklessly made without knowledge of their truth and as a positive assertion, with the intention that they be acted upon by another, and relied thereon by another party to his injury. *D & H Co., Inc. v. Schultz*, 579 P.2d 821 (Okl.1978); *State ex rel. Southwestern Bell Telephone Company v. Brown*, 519 P.2d 491 (Okl.1974); *Lenn v. Miller*, 403 P.2d 458 (Okl.1965). An essential element of actionable fraud is scienter or knowledge of its falsity or negligence in making it without a reasonable ground for believing it to be true. In the present case, the sellers represented to the realtor that the property was free from material structural defects. The realtor in

reliance thereon represented same to the homebuyer, Ms. Dawson. Ms. Dawson contends, however, the realtor should have been put on notice of possible structural defects due to certain conditions existing at the time of inspection and closing, namely, some cracks in the driveway, and a separation between the frame of the garage door and bricks. Ms. Dawson admits, however, that prior to closing she made two inspections of the house and noticed these conditions, but nevertheless signed the following release at closing:

CLOSING RELEASE

PURCHASERS state that they have inspected the premises located at *12012 East 20th Place, Tulsa, Oklahoma,* and that the same is accepted in its present condition. Purchasers further state that if they have not inspected the premises, by acceptance of the deed to the above described property, the purchasers waive all claims, rights and demands against the sellers to repair, replace or remedy any defects and release sellers, Greene & Andress, Inc., Realtors, their agents, employees, representatives, sub-agents, and co-brokers from any liability whatsoever. This release does not relieve the builder of new construction from his warranty on the construction and material defects, or warranties on appliances according to the contract of sale.

/s/_____
Purchaser      Maria E. Dawson

_____
Purchaser

Dated this 30 day of September, 1981. This Court in *Onstott v. Osborne,* 417 P.2d 291, 293 (Okl.1966), held:

"[1, 2] Fraud as related to purchase of real estate may not be predicated on alleged false statements the truth of which could have been ascertained with reasonable diligence by the party asserting their falsity. *Gutelius v. Sisemore,* Okl., 365 P.2d 732. The court quotes with approval from *Nowka v. West,* 77 Okl. 24, 186 P. 220, where the Oklahoma Court said:

"Where the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he had been deceived by the vendor's misrepresentations. If, having eyes, he will not see matters directly before them, where no concealment is made or attempted, he will not be entitled to favorable consideration when he complains that he has suffered from his own voluntary blindness and been misled by overconfidence in the statements of another."

*Also, see, Sokolosky v. Tulsa Orthopaedic, Etc.,* 566 P.2d 429 (Okl.1977).

Under the circumstances of this case, we are of the opinion that the trial court did not err in granting judgment to the realtor as a matter of law.

AFFIRMED.

HARGRAVE, V.C.J., and LAVENDER, SIMMS and KAUGER, JJ., concur.

HODGES, J., concurs in result.

OPALA and SUMMERS, JJ., concur in result in Part I, concur in Part II.

DOOLIN, C.J., dissents.

OPALA, Justice, with whom SUMMERS, Justice, joins, concurring in result in Part I and concurring in Part II.

I concur in Part I of the opinion *only insofar* as its text may be construed to hold that, *in this case,* the realtor did not have an affirmative duty *independently to inspect the premises* for structural and other flaws with a view to *informing the purchaser of all reasonably discoverable defects* in the property being offered for sale.