Jarrell Paul **RICE** and Eva Wirth **Rice**, Appellants,

v.

**PATTERSON REALTORS**, an Oklahoma Corporation, Leigh Carter, an individual, Appellees.

No. 77729.

Supreme Court of Oklahoma.

July 20, 1993.

Wesley E. Johnson, Teresa L. Parrish, Tulsa, for appellants.

Philip McGowan, Tulsa, for appellees.

KAUGER, Justice:

A single issue is presented: whether, under the facts here, a cause of action for a brokers' professional negligence exists. The instant cause is governed by this Court's pronouncement in *Dawson v. Tindell*, 733 P.2d 407, 408–09 (Okla.1987). In *Dawson*, we refused to recognize a cause of action for professional negligence against a broker under circumstances in which: 1) the purchaser signed a waiver; and 2) the information concerning the alleged defects was equally available to the purchaser and to the broker. Because the contract for sale contains an explicit waiver related to flood conditions,[1] and because it incorporates the information necessary for the purchaser to obtain flood data on the property purchased,[2] we find that the facts will not support a cause of action for a broker's professional negligence.

1. Paragraph (C) of the contract for sale of real estate provides:

   "If Buyer fails to: (i) investigate the flood and water history and water risk to the Property, (ii) have the engineering inspection made, or (iii) deliver such notice in the manner specified, Buyer accepts the flood and water history and water risk attendant to the Property, and accepts all portions of the Property which are subject to Buyer's right of inspections in paragraph 4(B) above, in the condition or state which existed at the expiration of the time periods stated in the above paragraph."

2. Paragraph II of the contract of sale of real property is headed **"DISCLOSURE"** and provides:

   "Buyer acknowledges by signing this Contract that he has received and read a copy of the 'DISCLOSURE AND INFORMATION' pamphlet, prepared by the Metropolitan Tulsa Board of REALTORS dated August, 1986, which explains: (1) Options the Buyer has and (2) Obligations the Buyer has."

The Disclosure Information Pamphlet referred to in the contract contains specific information on the tendency of property in northeastern Oklahoma to flood. It then lists four sources for information concerning flood information relating to the property to be purchased. It provides:

   "For more information on the nature of the water conditions as it relates to the property you are purchasing you should contact:
   (1) The U.S. Corps of Engineers.
   (2) City or County Engineers Office (in the City or County where the property is located).
   (3) Ask the owner how long he has owned the property and if there has been any water problems.
   (4) Ask neighbors who have lived adjacent to the property for some time if they have noticed any water problems."

## FACTS

In April of 1987, the appellants, Jarrell Paul Rice and Eva Wirth Rice (collectively, Rice/purchasers), purchased a home from Philip B. Sanger and Gina L. Sanger (collectively, Sangers/sellers).[3] The appellees, Patterson Realtors and Leigh Carter (collectively, brokers) acted as the listing agency and brokerage firm for the sale. When the property was listed, the sellers initially indicated that the property had never flooded. Later, they filed an addendum to the contract for sale stating that flood water had entered the garage on one occasion when drainage conduits were obstructed. The brokers conveyed this information to the purchasers. After discovering water standing under their home and having had water enter their garage on numerous occasions, the purchasers filed suit on May 8, 1990, alleging fraud. They asserted that the sellers and the brokers had misrepresented the flood history of the property.

The brokers moved for summary judgment on October 5, 1990. The trial court found that: 1) the brokers had made no representations to the purchasers; and 2) they had no reason to know of the falsity of the statement provided by the sellers. The brokers' motion for summary judgment was sustained. The purchasers appealed. The cause was submitted on May 27, 1993, and our order retaining the matter issued on June 1, 1993. A single issue is presented: whether, under the facts here, a cause of action for a broker's professional negligence exists.

---

**3.** The issues between the purchasers and sellers are unresolved. The sellers are not a part of the instant appeal.

**4.** The petition in error also contains an allegation that the trial court erred in ruling that the brokers had no duty not to act in a negligent manner regarding the representations passed on to the purchasers. Although the resolution of the cause based on the facts is dispositive of this issue, we note that the trial court's findings of

## THE INSTANT CAUSE IS GOVERNED BY THIS COURT'S PRONOUNCEMENT IN *DAWSON v. TINDELL.*

## BECAUSE THE CONTRACT FOR SALE CONTAINS AN EXPLICIT WAIVER RELATED TO FLOOD CONDITIONS, AND BECAUSE IT INCORPORATES THE INFORMATION NECESSARY FOR THE PURCHASER TO OBTAIN FLOOD INFORMATION ON THE PROPERTY PURCHASED, WE FIND THAT THE FACTS HERE WILL NOT SUPPORT A CAUSE OF ACTION FOR A BROKER'S PROFESSIONAL NEGLIGENCE.

The purchasers argue that there are disputed questions of material facts concerning the cause of action for professional negligence which militate against the entrance of summary judgment.[4] The brokers insist that the instant cause is governed by our pronouncement in *Dawson v. Tindell,* 733 P.2d 407, 408–09 (Okla.1987). We agree.

In *Dawson,* the purchaser sued the sellers of the home and the realtors who handled the sale for professional negligence. She asserted that realtors owed a potential purchaser an independent, higher standard of care to investigate property offered for sale. Dawson also contended that the duty extended beyond a mere transfer of information from the seller to the purchaser. The damage in *Dawson* was structural. At the time the buyer inspected the home, there was obvious evidence that the property had settling problems. Dawson admitted noticing the cracks in the driveway and a separation between the garage door

---

facts and conclusions of law do not support the buyers' assertion. It provides in pertinent part:

"... That said Motion for Summary Judgment was granted in favor of Defendants Carter and Patterson Realtors on the grounds that Plaintiffs failed to show that said Defendants knew or should have known that the statements and/or the information they passed on to Plaintiffs were false, as claimed by Plaintiff."

frame and the bricks. The *Dawson* contract for sale also contained a waiver provision relating to the liability of the realtors and brokers. We held in *Dawson* that, under the facts presented—the existence of a waiver and if the information concerning the condition of the property was equally available to the purchaser and to the realtor—no cause of action for professional negligence existed.

The facts presented here are substantially similar to those before us in *Dawson*. First, the contract for sale contains an explicit waiver relating to the flood history of the property.[5] It provides that if the purchaser fails to investigate the flood conditions attendant to the property, the property is accepted in the condition or state existing at the time of the sale. Second, as was the case in *Dawson*, the flood history of the property was equally available to the purchaser and to the broker. The contract for sale incorporates information indicating the property might be flood prone, and it provides four avenues for the purchasers to follow to investigate the property's water history.[6]

Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.[7] The facts in *Dawson* would not support a cause of action for professional negligence of a broker or real estate agent. They will not do so here. The instant cause is governed by this Court's pronouncement in *Dawson v. Tindell*, 733 P.2d 407, 408–09 (Okla.1987). Because the contract for sale contains an explicit waiver related to flood conditions, and because it incorporates the information necessary for the purchaser to obtain flood data on the

property purchased, we find that the facts presented will not support a cause of action for a broker's professional negligence.

## CONCLUSION

We reserve the issue of whether a cause of action will be recognized in Oklahoma for a broker's professional negligence in the sale of real property for another day. Because the contract for sale contains an explicit waiver related to flood conditions, and because it incorporates the information necessary for the purchaser to obtain flood data on the property purchased, the cause is governed by our pronouncement in *Dawson v. Tindell*, 733 P.2d 407, 408–09 (Okla.1987). The trial court is affirmed.

**AFFIRMED.**

HODGES, C.J., and HARGRAVE, ALMA WILSON, SUMMERS and WATT, JJ., concur.

LAVENDER, V.C.J., concurs in result.

SIMMS, J., concurs in the judgment.

---

**5.** Paragraph (C) of the contract for sale of real estate, see note 1, supra.

**6.** Paragraph II of the contract of sale of real property, see note 2, supra.

**7.** *Roach v. Atlas Life Ins. Co.,* 769 P.2d 158, 163 (Okla.1989); *Buckner v. General Motors Corp.,* 760 P.2d 803, 812 (Okla.1988).